Lance King, WSBA No. 30473
LAW OFFICE OF LANCE KING
555 Andover Park W., Suite 200
Tukwila, WA 98188
Tel: (206) 375-9644
Email: lking@lancekinglaw.com

*ATTORNEY FOR PLAINTIFF*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

RACHELLE MALLON *Individually and as the Administrator or the Estate of Luke Mallon*, RM1 *Minor Child*, RM2 *Minor Child*,

Plaintiffs,

vs.

LINCOLN COUNTY,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:24-cv-00147

**CORRECTED AMENDED COMPLAINT**

**JURY DEMAND**

---

## PLAINTIFF ALLEGES AS FOLLOWS:

This is a complaint for damages based upon federal civil constitutional rights violations and other torts committed by the Defendant, Lincoln County, Washington and its respective officials, uniformed peace officers, employees, and/or agents. This case is brought pursuant to 42 U.S.C. Sections 1983, 1988 and Washington State law. Federal jurisdiction is based upon 28 U.S.C. 1331, 1343 (1-4). Supplemental jurisdiction exists over the state claims and Defendant pursuant to 28 U.S.C. Section 1367.

---

**JURISDICTION**

1. Plaintiffs brings this case pursuant to 42 U.S.C. Sections 1983, 1988 and Washington State law. Federal jurisdiction is based upon 28 U.S.C. 1331, 1343 (1-4). Supplemental jurisdiction exists over the state claims and Defendant pursuant to 28 U.S.C. Section 1367.

**VENUE**

2. All claims alleged herein arose from events or omissions that occurred in Lincoln County, Washington. Lincoln County is located within the judicial Eastern District of Washington. Therefore, venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. Section 1391(b)(1) and (2).

**PARTIES**

*Plaintiffs*

3. At all times material hereto, Plaintiff Rachelle Mallon, individually and as the Administrator of the Estate of Luke Mallon, was a resident of Lincoln County.

4. At all times material hereto, Plaintiff RM1 was a resident of Lincoln County.

5. At all times material hereto, Plaintiff RM2 was a resident of Lincoln County.

*Defendant*

6. Defendant, Lincoln County, is a governmental agency within the boundaries of the State of Washington.

7. The Lincoln County Sheriff's Office is within the structure of Lincoln County and is located in Lincoln County.

8. All of the facts, acts, omissions, events and circumstances herein mentioned and described occurred in Lincoln County, Washington.

COMPLAINT - 2

### **Relevant Facts**

9. At the time of his death, Luke Mallon ("Luke") was 40 years old.

10. Luke married Plaintiff Rachelle Mallon ("Rachelle") in July of 2018. They have two daughters, Plaintiff RM1, who is approximately 4 years old, and RM2, who is approximately one year old.

11. Luke was hired by the Lincoln County Sheriff's Office ("LCSO") as a Deputy in November 2014. Prior to being hired as a deputy at LCSO, Luke was an Enforcement Ranger at Yellowstone National Park.

12. In September 2021, Luke began experiencing severe neck pain due to a spinal infection, and was diagnosed with spinal meningitis. As a result of the disease, Luke's behavior changed. He was unable to sleep at night and had constant severe pain that presented itself as mania.

13. In November 2021, Luke underwent surgery for his spinal condition at Swedish Hospital in Seattle, Washington.

14. Following the surgery, Luke was diagnosed with bipolar mania, which was caused by the spinal infection. Based on his diagnosis, Luke was treated with psychiatric medication.

15. Soon after his surgery Luke was pain free. With the help of his medication, his behavior returned to normal and Luke returned to work as a LCSO deputy in January 2022.

16. In December 2022, eleven (11) months after returning to work, Luke had a bloodwork test to check his c-reactive protein ("CRP") levels. CRP levels indicate infection levels in the body. CRP levels of five (5) of less are considered normal. Luke's CPR levels were thirteen (13).

17. At the time he discovered the infection may be returning, Rachelle was six (6)

COMPLAINT - 3

months pregnant with RM2, and RM1 was 2 ½ years old. Luke began showing acute manic symptoms based on the stress caused by potentially having to go back on medical leave, and the financial strain that would result from him being out of work to receive treatment.

18. Because of his stress induced mental condition, in January 2023, Luke was placed on an involuntary hold at Mount Carmel Hospital Evaluation and Treatment facility ("Mount Carmel"), where he was diagnosed with Bipolar I Disorder, manic, and was treated with antipsychotics and mood stabilizers.

19. As a result of the involuntary hold, on January 17, 2023, the Stevens County Superior Court prohibited Luke from possessing any firearms.

20. Pursuant to LCSO Policy 1032 – Fitness for Duty, Luke was temporarily relieved from duty as an LSCO deputy and was placed on federal FMLA leave and Washington State Paid Family Medical Leave ("PFML").

21. Luke received treatment at Mount Carmel for approximately three (3) weeks. After receiving counseling and the proper medication, Luke's behavior improved dramatically and he was discharged from Mount Carmel in February 2023.

22. On or about March 23, 2023, Luke's health care provider notified LCSO that Luke was able to perform all of his deputy duties, and was fit to return to his position as a LCSO deputy.

23. On May 2, 2023, Stevens County Superior Court Judge Robin R. McCroskey restored Luke's right to possess his duty weapon, ruling:

- Luke "has successfully managed the condition related to his commitment."
- Luke "does not present a substantial danger to himself, others, or to the public."
- "The circumstances resulting in [Luke's] commitment are not reasonably likely to recur."

Lance King, WSBA No. 30473
555 Andover Park W, Suite 200, Tukwila WA 98188

24. Despite receiving notice from Luke's health care provider that he was fit to return to his normal duties as LCSO deputy, in August 2023, LCSO Sheriff Gabe Gants ("Sheriff Gants") directed Luke to attend a fitness for duty psychological examination with Dr. Clark D. Ashworth, Ph.D. ("Dr. Ashworth"), a psychologist selected by LCSO.

25. On or about August 24, 2023, Dr. Ashworth conducted a comprehensive mental status evaluation of Luke which included the following tests: Weschler Adult Intelligence Scale Edition; 16 Personality Factors Questionnaire; Imwald Personality Inventory; Burns Brief Mood Survey; and, Millon Clinical Multiphasic Inventory.

26. On or about August 27, 2023, Dr. Ashworth submitted his psychological report to Sheriff Gants. In his report, Dr. Ashworth stated:

> "My direct evaluation indicates no current significant symptoms of mania, psychosis, or post traumatic anxiety…As a result of my evaluation, it is my opinion that **Deputy Mallon** is not experiencing currently the psychological and emotional problems that resulted in administrative leave – he is now able to safely and effectively perform his normal essential law enforcement duties." (Emphasis, added)

27. In his report, Dr. Ashworth also put Sheriff Gants, and the LCSO, on notice that Luke's mental reactions were exacerbated by his "employment situation" and that Luke had "moderate suicidal ideation" that Dr, Ashworth attributed to Luke "not working."

28. LCSO Policy 1032.5(g) – Fitness for Duty states:

> "Once an employee has been deemed fit for duty by the examining health care provider, the employee will be notified to resume his/her duties."

Thus, since LCSO's psychologist, Dr. Ashworth, had unequivocally deemed Luke fit for duty, pursuant to Policy 1032.5(g), Sheriff Gants was required to notify Luke he could resume his duties as LCSO deputy.

29. On or about August 31, 2023, Luke and his union representative, Taj Wilkerson ("Mr. Wilkerson"), were contacted by LCSO and instructed to meet with Sheriff Gants on September 1, 2023.

Lance King, WSBA No. 30473
555 Andover Park W, Suite 200, Tukwila WA 98188

30. Luke was eager to meet with Sheriff Gants as he believed the purpose of the meeting was to discuss the date he would return to work as an LCSO deputy. Luke believed Sheriff Gants was returning him to his job based on the following facts; a) Luke's health care provider informed Sheriff Gants that Luke was fit to return to work as an LCSO deputy; b) Judge McCloskey ruled Luke could possess his duty weapon as he had "successfully managed [his] condition," was not a "danger to himself, others, or to the public," and the mental condition that led to him being committed "was not reasonably likely to reoccur;" c) Dr. Ashworth found Luke was "able to safely and effectively perform his normal essential law enforcement duties;" and, d) LCSO Policy 1032.5(g) clearly and unambiguously required Sheriff Gants to return Luke to his duties as LCSO deputy.

31. On September 1, 2023, Luke and Mr. Wilkerson met with Sheriff Gants. Sheriff Gants began the meeting by bluntly stating, "There's no way to sugarcoat this, I'm terminating you immediately."

32. Prior to the September 1, 2023 meeting, Luke was not provided written notice that Sheriff Gants was considering terminating him.

33. Prior to the September 1, 2023 meeting, Sheriff Gants did not provide Luke or Mr. Wilkerson with the charges against Luke or provide any evidentiary documents related to Sheriff's Gants' decision to terminate him.

34. During the September 1, 2023 meeting, Sheriff Gants did not give Luke an opportunity to present any input on why he shouldn't be terminated and Luke and Mr. Wilkerson were not provided an opportunity to correct factual mistakes relied upon by Sheriff Gants in his decision to terminate Luke. In fact, Sheriff Gants had made a final decision to terminate Luke prior to the September 1, 2023 meeting.

35. In a letter dated September 1, 2023, Sheriff Gants memorialized his decision to

Lance King, WSBA No. 30473
555 Andover Park W, Suite 200, Tukwila WA 98188

terminate Luke. In the letter, Sheriff Gants stated the sole reason for Luke's termination was because of his actual or perceived disability – his medical mental condition.

36. At the time of his termination Luke was still eligible for protected federal FMLA Leave and protected Washington State PFML.

37. The LCSO failed to ever engaged in the interactive process with Luke to determine whether there were reasonable accommodations that could be provided to Luke.

38. The LCSO never offered Luke reasonable accommodations to assist him in performing the essential functions of his LCSO deputy position.

39. In the morning of September 2, 2023, less than twenty-four (24) hours after being terminated from his deputy position, Luke committed suicide.

40. Approximately two weeks after Luke's death, Rachelle came into possession of a letter from Sheriff Gants, dated September 14, 2023, two weeks after Luke's death. In the letter, Sheriff Gants acknowledged that Luke was unlawfully terminated based on his medical condition; therefore, he was "rescinding the termination letter signed and dated on September 1, 2023."

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**PLAINTIFF ESTATE OF LUKE MALLON'S CLAIM FOR VIOLATION OF CIVIL RIGHTS (Fourteenth Amendment - Due Process)**

41. The allegations in Paragraphs above are incorporated herein.

42. Luke Mallon had a property interest in his position as LCSO deputy.

43. Defendant deprived Luke Mallon of his property interest in his position as LCSO deputy by terminating him.

44. The 14th Amendment to the United States Constitution required the Defendant to

provide Luke Mallon due process, which consists of Lincoln County providing him written

notice of the proposed termination, and an opportunity to be heard at a *Loudermill* hearing,

prior to Sheriff Gants making the decision to terminate him from his position as LSCO

deputy.

45. LSCO failed to provide Luke Mallon due process by failing to provide him advance written

notice that Sheriff Gants was proposing to terminate him.

46. LCSO failed to provide Luke Mallon due process by failing to provide Luke Mallon the

specific reasons why Sheriff Gant was proposing to terminate him prior to his termination.

47. LCSO failed to provide Luke Mallon due process by failing to provide Luke Mallon the

the documentary evidence used by Sheriff Gants to make his decision to terminate Luke

Mallon prior to Luke Mallon's termination.

48. LSCO violated Luke Mallon's right to due process as Sheriff Gants had made the

final decision to terminate Luke Mallon without providing Luke Mallon an opportunity to

present any input on why he shouldn't be terminated, and without providing Luke Mallon an

opportunity to correct factual mistakes relied upon by Sheriff Gants in his decision to

terminate him.

49. Defendant's failure to provide Luke Mallon due process prior to taking his property interest

in his position as LCSO deputy was a proximate cause of Plaintiff Estate of Luke Mallon's

damages.

50. Defendant is liable to the Estate of Luke Mallon for the damages alleged above as direct

result of Defendant's negligent, outrageous, and wrongful conduct.

Lance King, WSBA No. 30473
555 Andover Park W, Suite 200, Tukwila WA 98188

## SECOND CLAIM FOR RELIEF

### PLAINTIFF ESTATE OF LUKE MALLON'S CLAIM FOR WRONGFUL DEATH

51. The allegations in Paragraphs above are incorporated herein.

52. Luke Mallon's cause of action survives his death pursuant to RCW 4.20.46 and/or RCW 4.20.060.

53. Rachelle Mallon, as Administrator of Luke Mallon's estate, is entitled to recover damages for Luke Mallon's economic and noneconomic damages pursuant to RCW 4.20.010 and RCW 4.20.020.

54. Defendant's negligent, outrageous, and wrongful conduct was a proximate cause of Plaintiff Estate of Luke Mallon's damages.

55. Defendant is liable to the Estate of Luke Mallon for the damages alleged above as direct result of Defendant's negligent, outrageous, and wrongful conduct.

## THIRD CLAIM FOR RELIEF

### PLAINTIFF RACHELLE MALLON'S CLAIM FOR WRONGFUL DEATH OF A SPOUSE

56. The allegations in Paragraphs above are incorporated herein.

57. As the wife of Luke Mallon, Plaintiff Rachelle Mallon's is entitled to recover for the negligent acts of the Defendant for damages pursuant to RCW 4.24.100 for the loss of financial support of her husband, loss of love and companionship of her husband, loss of emotional support of her husband, loss of consortium of her husband, and destruction of the husband-wife relationship.

58. Defendant's negligent, outrageous, and wrongful conduct was a proximate cause of Plaintiff Rachelle Mallon's damages.

59. Defendant is liable to Plaintiff Rachelle Mallon for the damages alleged above as a direct result of Defendant's negligent, outrageous, and wrongful conduct.

### FOURTH CLAIM FOR RELIEF

### PLAINTIFF RM1'S CLAIM FOR WRONGFUL DEATH OF A PARENT

60. The allegations in the Paragraphs above are incorporated herein.

61. As the child of Luke Mallon, Plaintiff RM1 is entitled to recover damages pursuant to RCW 24.100 for the loss of financial support of her father, loss of love and companionship of her father, loss of emotional support of her father, and the destruction of the father-child relationship.

62. Defendant's negligent, outrageous, and wrongful conduct was a proximate cause of Plaintiff RM1's damages.

63. Defendant is liable to Plaintiff RM1 for the damages alleged above as direct result of Defendant's negligent, outrageous, and wrongful conduct.

### FIFTH CLAIM FOR RELIEF

### PLAINTIFF RM2'S CLAIM FOR WRONGFUL DEATH OF A PARENT

64. The allegations in Paragraphs above are incorporated herein.

65. As the child of Luke Mallon, Plaintiff RM2 is entitled to recover damages pursuant to RCW 24.100 for the loss of financial support of her father, loss of love and companionship of her father, loss of emotional support of her father, and the destruction of the father-child relationship.

66. Defendant's negligent, outrageous, and wrongful conduct was a proximate cause of Plaintiff RM2's damages.

67. Defendant is liable to Plaintiff RM2 for the damages alleged above as direct

Lance King, WSBA No. 30473
555 Andover Park W, Suite 200, Tukwila WA 98188

result of Defendant's negligent, outrageous, and wrongful conduct.

## SIXTH CLAIM FOR RELIEF

### PLAINTIFF ESTATE OF LUKE MALLON'S CLAIM FOR WRONGFUL TERMINATION

68. The allegations in Paragraphs above are incorporated herein.

69. Luke Mallon's cause of action survives his death pursuant to RCW 4.20.46 and/or RCW 4.20.060.

70. Rachelle Mallon, as Administrator of Luke Mallon's estate, is entitled to recover damages for Luke Mallon's economic and noneconomic damages pursuant to RCW 4.20.10 and RCW 4.20.

71. Defendant wrongfully terminated Luke Mallon while he was eligible for Washington State PFML.

72. Defendant wrongfully terminated Luke Mallon because of his actual or perceived disability.

73. Defendant wrongfully terminated Luke Mallon without providing him due process.

74. Defendant wrongfully terminated Luke Mallon in violation of LCSO Policy 1032.5(g) – Fitness for Duty.

75. Defendant wrongfully terminated Luke Mallon without just cause.

76. Defendant's negligent, outrageous, and wrongful conduct was a proximate cause of Luke Mallon's damages.

77. Defendant is liable to Plaintiff Estate of Luke Mallon's for the damages alleged above as direct result of Defendant's negligent, outrageous, and wrongful conduct.

Lance King, WSBA No. 30473
555 Andover Park W, Suite 200, Tukwila WA 98188

1

2

## SEVENTH CLAIM FOR RELIEF

3

**PLAINTIFF ESTATE OF LUKE MALLON'S CLAIM FOR VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION (RCW 49.60) – DISABILITY DISCRIMINATION**

4

5

78. The allegations in the Paragraphs are incorporated herein.

6

79. Luke Mallon's cause of action survives his death pursuant to RCW 4.20.46 and/or RCW

7

4.20.060.

8

80. Rachelle Mallon, as Administrator of Luke Mallon's estate, is entitled to recover damages

9

for Luke Mallon's economic and noneconomic damages pursuant to RCW 4.20.10 and

10

RCW 4.20.

11

12

81. At all times herein mentioned, Plaintiff Luke Mallon was an employee protected by the

13

WLAD, specifically protected against acts by the Defendant which constitute discriminatory

14

treatment based on his disability.

15

82. Defendant discriminated against Luke Mallon by terminating him, based on his actual

16

or perceived disability, denying him the same conditions and privileges of employment

17

otherwise offered to employees who were without a disability.

18

19

83. Defendant discriminated against Luke Mallon by failing to take affirmative steps to

20

engage in the interactive process with Luke Mallon to identify reasonable accommodations

21

Defendant could provide to Luke Mallon.

22

84. Defendant discriminated against Luke Mallon by failing to provide Luke Mallon

23

any reasonable accommodations prior to terminating him.

24

85. Defendant discriminated against Plaintiff Luke Mallon by terminating him while he was on

25

and/or eligible for Washington PFML.

26

27

28

COMPLAINT - 12

86. As a direct result of Defendant's discriminatory action, Luke Mallon suffered a loss of wages and benefits, emotional and mental distress, including humiliation, mental anguish, and emotional and physical distress.

### EIGHTH CLAIM FOR RELIEF

### PLAINTIFF RACHELLE MALLON'S CLAIM FOR OUTRAGE

87. The allegations in the Paragraphs above are incorporated herein.

88. Plaintiff Rachelle Mallon is entitled to recover damages for negligent infliction of emotional distress.

89. Defendant's negligent, outrageous, wrongful conduct was a cause of Plaintiff Rachelle Mallon's damages for the severe emotional distress she suffered.

90. Defendant is liable to Plaintiff Rachelle Mallon for the damages alleged above as a direct result of Defendant's negligent, outrageous, and wrongful conduct.

### PRAYER FOR RELIEF

91. WHEREFORE, Plaintiffs pray for the following relief from Defendants for each of the above causes of action:

(i)     For compensatory damages, including general and special damages;

(ii)    For punitive damages pursuant to 42 U.S.C. Section 1983;

(iii)   For federal and state statutory damages;

(iv)    For prejudgment interest according;

(v)     For reasonable attorney fees;

(vi)    For costs of suit; and

(vii)   Such other and further relief as this Court may deem just and equitable.

Lance King, WSBA No. 30473
555 Andover Park W, Suite 200, Tukwila WA 98188

1   DATED: May 8, 2024.                Respectfully submitted,

Attorney for Plaintiff, WSBA 30473

COMPLAINT - 14

Lance King, WSBA No. 30473
555 Andover Park W, Suite 200, Tukwila WA 98188